NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

HECTOR MANUEL MORALES
GONSALEZ,

　　　　　　　　Petitioner,

　v.

MERRICK B. GARLAND, Attorney
General,

　　　　　　　　Respondent.

---

No.　20-73464

Agency No. A205-024-678

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022**

Before:　　CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Hector Manuel Morales Gonsalez,[1] a native and citizen of Mexico, petitions

---

　\*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　\*\*　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

　[1]　　Although petitioner's surname appears as "Morales Gonsalez" in the agency decisions, Notice to Appear, and Answering Brief, the Form I-589 application, Petition for Review, and Opening Brief show his surname as "Morales Gonzalez."

for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal. We have jurisdiction under 8 U.S.C § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that Morales Gonsalez failed to establish that the harm he experienced or fears was or would be on account of his membership in the particular social group of "family members of Salvador Morales." *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"). We reject as unsupported by the record Morales Gonsalez's contentions that the agency failed to consider evidence or otherwise erred in its analysis of his claim. Thus, Morales Gonsalez's withholding of removal claim fails.

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**

2